

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS        AUSTIN 11, TEXAS

~~WILLIAMSON~~
ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:           Opinion No. 0-7187
                     Re: In a Special Election held to deter-
                         mine whether or not an Independent
                         or Common School District shall an-
                         nex themselves to a Junior College
                         District, the election expense shall
                         be borne by whom? Also, who pays
                         the election expense when two or
                         more Common or Independent School
                         Districts seek to consolidate?

We have your letter of June 19, 1946, requesting our opinion on the following questions:

"In a Special Election held to determine whether or not an Independent or Common School District shall annex themselves to a Junior College District, please advise me who pays the cost of the Election (Advertising, Supplies, Judges and Clerks), the County, the School Districts and or the Junior College District?

"Also, who pays the cost of Elections when two or more Common or Independent School Districts seek to consolidate?"

In response to your first question, your attention is directed to Section 21 of Article 2815h, Vernon's Annotated Civil Statutes, which sets out the procedure for annexation of a District to a Junior College District.

"An Independent School District, or districts, a common school district or districts, may be annexed to a Junior College District for Junior College purposes only, by an election as provided in Section 2 hereof, upon petition of five per cent of the property tax-paying voters in such district or districts seeking to be annexed, provided further that such annexation shall have been previously approved by the Board of Trustees of the Junior College District and provided

further that election for such annexation shall
be called and the results canvassed and declared
by the County Board of Education or the County
Commissioners' Court of the county, in case there
is no County Board of Education, provided further
that the territory included in such annexed district
shall thereby assume its share of any outstanding
bonded indebtedness of the Junior College District,
in proportion to the assessed valuation within the
said district, and shall also become liable for
taxes for maintaining the Junior College."

Section 2, Article 2815h, V.A.C.S., referred to in
the above statute, provides the method of petition for election.

"When it is proposed to establish a Junior
College District as above provided, a petition
praying for an election therefor, signed by not
less than five per cent of the qualified tax-
paying voters of the proposed territory shall
be presented to the Board of Education of the
district or city.  It shall thereupon become the
duty of the Board so petitioned to pass upon the
legality of the petition and the genuineness of
the same.  It shall then be the duty of the Board
to forward the petition to the State Board of
Education."

Article 2746, V.A.C.S., relates only to elections held
for the purpose of electing trustees.  We are unable to find
any authorities authorizing the Commissioners' Court to pay
for elections of this kind out of the general fund of the
County.  It is apparent that the Legislature, in passing Art.
2746b, Revised Civil Statutes, enacted in 1935, intended to
cover such expenses from the available maintenance fund be-
longing to the District holding the election.

Article 2746b, V.A.C.S., provides as follows:

"All expenses incurred in connection with or
incidental to any school district election in con-
nection with the public school within such school
district shall be paid out of the available mainten-
ance fund belonging to such district for the fiscal
year during which such election is held, or out of
funds accruing to said district for the next ensuing
fiscal year; provided, however, that the payment of
any such expenses out of the funds accrued or to
accrue to such school district for the fiscal year
after the year in which such election is held shall

be authorized by the county superintendent prior to the holding of such election. Acts 1935, 44th Leg., p. 135, ch. 55, § 3."

It is, therefore, the opinion of this department that the expense which was incurred as a result of the election which you mention should be paid out of the available maintenance fund of the respective district holding the election.

In response to your second question as to who pays the cost of elections when two or more Common or Independent School Districts seek to consolidate, your attention is called to Art. 2806, V.A.C.S., which authorizes elections for consolidation of certain school districts.

Articles 2746, 2746a and 2746b, V.A.C.S., are devoted to school district elections and expenses incident thereto. Article 2746, supra, states "such expense shall be paid out of the local funds of the school district where the election was held."

It is the opinion of this department that all election expenses incurred by school districts must be paid out of the available maintenance fund belonging to the school district or districts or the local funds of the school district or districts where the election was held as authorized by said statute.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/W. P. Watts
W. P. Watts,
Assistant.

WPW:rt:wc

APPROVED JULY 5, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/GWB Chairman